UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ROBIN SHORT,

                         Plaintiff,

v.                                                          1:18-CV-0277
                                                            (WBC)
COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
_____

APPEARANCES:                                   OF COUNSEL:

LEWIS L. SCHWARTZ, PLLC                        LEWIS L. SCHWARTZ, ESQ.
  Counsel for Plaintiff
1231 Delaware Ave., Ste. 103
Buffalo, NY 14209

U.S. SOCIAL SECURITY ADMIN.                    DAVID MYERS, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II        RICHARD PRUETT, ESQ.
  Counsel for Defendant                        LAURA BOLTZ, ESQ.
26 Federal Plaza – Room 3904
New York, NY 10278

William B. Mitchell Carter, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

        The parties consented, in accordance with a Standing Order, to proceed before

the undersigned.  (Dkt. No. 17.)  The court has jurisdiction over this matter pursuant

to 42 U.S.C. § 405(g).  The matter is presently before the court on the parties' cross-

motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of

Civil Procedure.  For the reasons discussed below, Plaintiff's motion is denied, and the

Commissioner's motion is granted.

## I.      RELEVANT BACKGROUND

### A.     Factual Background

Plaintiff was born in 1960.  (T. 45.)  She completed the 12th grade.  (T. 111.)
Generally, Plaintiff's alleged disability consists of back injury and depression.  (T. 110.)
Her alleged disability onset date is May 8, 2005.  (T. 42.)  Her date last insured is
December 21, 2011.  (*Id.*)  Her past relevant work consists of a direct care aid.  (T. 112)

### B.     Procedural History

On September 24, 2014, Plaintiff applied for a period of disability and disability
insurance benefits under Title II of the Social Security Act.  (T. 42.)  Plaintiff's
application was initially denied, after which she timely requested a hearing before an
Administrative Law Judge ("the ALJ").  On January 19, 2017, Plaintiff appeared before
the ALJ, Carl E. Stephan.  (T. 23-36.)  On March 27, 2017, ALJ Stephan issued a
written decision finding Plaintiff not disabled under the Social Security Act.  (T. 8-22.)
On December 28, 2017, the AC denied Plaintiff's request for review, rendering the ALJ's
decision the final decision of the Commissioner.  (T. 1-5.)  Thereafter, Plaintiff timely
sought judicial review in this Court.

### C.     The ALJ's Decision

Generally, in his decision, the ALJ made the following five findings of fact and
conclusions of law.  (T. 13-19.)  First, the ALJ found Plaintiff met the insured status
requirements through December 31, 2011 and Plaintiff had not engaged in substantial
gainful activity since May 8, 2005.  (T. 13.)  Second, the ALJ found Plaintiff had the
severe impairments of: degenerative disc disease of the lumbar spine, lumbar disc
herniation, and lumber radiculitis.  (*Id.*)  Third, the ALJ found Plaintiff did not have an
impairment that meets or medically equals one of the listed impairments located in 20

C.F.R. Part 404, Subpart P, Appendix. 1.  (T. 14.)  Fourth, the ALJ found Plaintiff had

the residual functional capacity ("RFC") to perform a full range of light work as defined in

20 C.F.R. § 404.1567(b).  (*Id*.)[1]  Fifth, the ALJ determined Plaintiff was unable to

perform her past relevant work; however, there were jobs that existed in significant

numbers in the national economy Plaintiff could perform.  (T. 18.)

## II.     THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.     Plaintiff's Arguments

Plaintiff makes four separate arguments in support of her motion for judgment on

the pleadings.  First, Plaintiff argues the ALJ failed to provide good reasons to discount

the favorable opinion of treating orthopedic surgeon Cameron Huckell, M.D.  (Dkt. No.

11 at 8-13.)  Second, Plaintiff argues the ALJ erred in substituting his own medical

judgment for that of any physician.  (*Id*. at 13-15.)  Third, and lastly, Plaintiff argues the

ALJ erred in failing to perform a function-by-function analysis as required by SSR 96-9p.

(*Id*. at 16-18.)  Plaintiff also filed a reply in which she reiterated her original arguments.

(Dkt. No. 15.)

### B.     Defendant's Arguments

In response, Defendant makes five arguments.  First, Defendant argues

substantial evidence supported the ALJ's finding that Plaintiff retained the ability to

perform light work.  (Dkt. No. 14 at 11-13.)  Second, Defendant argues the ALJ

---

[1]     Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.  20 C.F.R. § 404.1567(b).

reasonably gave Dr. Huckell's opinion little weight because it was vague and bore no relationship to the clinical findings in the record.  (*Id*. at 13-15.)  Third, Defendant argues where the medical evidence supports the ALJ's findings, a supporting medical source opinion is not required.  (*Id*. at 15-18.)  Fourth, Defendant argues the ALJ had no duty to obtain records never mentioned by Plaintiff with only speculative relevance.  (*Id*. at 18-16.)  Fifth, Defendant argues the ALJ sufficiently assessed Plaintiff's functional limitations.  (*Id*. at 19-20.)

## III.    RELEVANT LEGAL STANDARD

### A.    Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs*., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence.  *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct.

1420, 1427 (1971).  Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."  *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992).  In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

## B.   Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act.  *See* 20 C.F.R. § 404.1520.  The Supreme Court has recognized the validity of this sequential evaluation process.  *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual

functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

## IV.   ANALYSIS

### A.   Dr. Huckell

Plaintiff argues the ALJ committed legal error in affording "little weight" to Dr. Huckell's statement she had a "permanent partial disability to a marked degree" and she was "totally disabled for gainful employment, even sedentary employment." (Dkt. No. 10 at 8-13.) Plaintiff argues the ALJ failed to assess Dr. Huckell's statements under the regulations at 20 C.F.R. § 404.1527(c), known as the treating physician rule. (*Id*. at 8-11.)

The opinion of a treating source will be given controlling weight if it "is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2)[2]. When assigning less than "controlling weight" to a treating physician's opinion, the ALJ must "explicitly consider" the four factors announced in *Burgess v. Astrue*, 537 F.3d 117 (2d Cir. 2008). *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (internal quotation marks omitted). Those factors, referred to as "the *Burgess* factors," are "(1) the frequen[cy], length, nature, and extent of treatment; (2) the amount of

---

[2]     Effective March 27, 2017, many of the regulations cited herein have been amended, as have Social Security Rulings ("SSRs"). Nonetheless, because Plaintiff's social security application was filed before the new regulations and SSRs went into effect, the court reviews the ALJ's decision under the earlier regulations and SSRs.

medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Estrella,* 925 F.3d at 95-96 (citation omitted); 20 C.F.R. § 404.1527(c)(2).

However, not all statements made by treating sources must be examined under the treating physician rule.  As stated in *Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 77 (2d Cir. 2018):

> [u]nder the treating physician rule, the ALJ must generally defer to well-supported medical opinions of a claimant's treating physician.  *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004).  This rule does not apply, however, to administrative findings, which are "reserved to the Commissioner."  *Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999) (internal quotation marks omitted); *see also* 20 C.F.R. § 404.1527(d).  As section 404.1527(d)(1) of the regulations provides, "[o]pinions on some issues ... are not medical opinions ... but are, instead, opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case."  The regulation explains that the Commissioner is responsible for making a determination about whether a claimant "meet[s] the statutory definition of disability."  20 C.F.R. § 404.1527(d)(1). *See* Social Security Ruling 96-5p, 61 Fed. Reg. 34471 (July 2, 1996) ("[S]ome issues are not medical issues regarding the nature and severity of an individual's impairment(s) but are administrative findings that are dispositive of a case. The following are examples of such issues: ... Whether an individual is 'disabled' under the Act.").  A bald statement that a claimant is "disabled" represents an administrative finding, not a medical opinion.

In September 2010, Plaintiff established care with Dr. Huckell.  (T. 243.)  Dr. Huckell examined Plaintiff and reviewed objective medical imaging.  (T. 245-247.)  He opined Plaintiff was a candidate for surgery.  (T. 247.)  He recommended updated MRIs and that Plaintiff continue with conservative care such as chiropractic treatment.  (*Id.*)  Dr. Huckell stated Plaintiff had "a permanent partial disability to a marked degree at this time."  (*Id.*)  He further stated, "due to her permanent nerve damage, need for pain meds, and limited [range of motion]/sitting and standing tolerance, I consider her to be totally disabled for gainful employment, even sedentary work."  (T. 248.)  Lastly, Dr.

7

Huckell stated Plaintiff had "a physical disability that is expected to prevent her from doing 'substantial' work for over one year or more . . . it is the recommendation of this provider that [she] apply for and receive Social Security disability benefits." (*Id*.)

Dr. Huckell provided similar statements after Plaintiff's date last insured. Even if the statements were considered medical opinions, a medical opinion rendered well after Plaintiff's date last insured may be of little, or no, probative value regarding Plaintiff's condition during the relevant time period. *Patterson v. Comm'r of Soc. Sec.*, No. 1:18-CV-0556, 2019 WL 4573752, at *5 (W.D.N.Y. Sept. 20, 2019) (collecting cases)).

On December 18, 2012, Dr. Huckell again stated Plaintiff had "a permanent partial disability to a marked degree at this time." (T. 241.) He again stated, "due to her permanent nerve damage, need for pain meds, and limited [range of motion]/sitting and standing tolerance, I consider her to be totally disabled for gainful employment, even sedentary work." (*Id*.) On June 6, 2013, Dr. Huckell examined Plaintiff for a third time. (T. 232.) Again Dr. Huckell stated she was a "possible candidate" for surgery; however, he noted Plaintiff's fear of surgery due to her uncontrolled hypertension. (T. 236.) Dr. Huckell stated Plaintiff had "a permanent partial disability to a marked degree at this time" due to "a believed permanent left sided S1 neuropathy to the posterior left calf that is not expected to improve with surgery, and my in fact worsen with surgery." (*Id*.) He again stated, "due to her permanent nerve damage, need for pain meds, and limited [range of motion]/sitting and standing tolerance, I consider her to be totally disabled for gainful employment, even sedentary work." (*Id*.)

The ALJ properly assessed the statements provided by Dr. Huckell.  The ALJ afforded Dr. Huckell's various statements "little weight."  (T. 17.)  The ALJ concluded the doctor's "clinical findings do not support his vague opinion of partial disability to a marked degree."  (*Id*.)  The ALJ summarized Dr. Huckell's treatment notations and statements, and provided reasoning for not adopting those statements.  (*Id*.)  Because Dr. Huckell's statements went to the ultimate issue of disability, which is reserved to the Commissioner, the ALJ was not obligated to assess the statements under the treating physician rule.  Further, many of Dr. Huckell's statements were made after Plaintiff's date last insured.  Therefore, Plaintiff's argument that the ALJ erred in failing to apply the regulations at outlined in 20 C.F.R. § 404.1527(c) to Dr. Huckell's statements regarding Plaintiff's ultimate disability status fails.

**B.    RFC Determination**

Plaintiff argues the ALJ committed legal error in determining an RFC without medical authority.  (Dkt. No. 11 at 13-15.)  Plaintiff argues the ALJ rejected all of the medical opinions in the record and therefore he "conjured" an RFC based on his evaluation of raw medical evidence which he interpreted for himself.  (*Id*. at 14.)

The RFC is an assessment of "the most [Plaintiff] can still do despite [her] limitations."  20 C.F.R. § 404.1545(a)(1).  The ALJ is responsible for assessing Plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what Plaintiff can still do, provided by any medical sources.  *Id*. §§ 404.1527(d), 404.1545(a)(3), 404.1546(c).  Although the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden

is on Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity. *Id*. §§ 404.1512(c), 404.1527(e)(2), 404.1545(a), 404.1546(c).

Plaintiff's argument, that the ALJ committed legal error in formulating an RFC absent a medical opinion, fails. The ALJ is obligated to formulate a plaintiff's RFC based on the record as a whole, not just upon the medical opinions alone. *Trepanier*, 752 F. App'x at 79. The RFC finding is not defective merely because it "does not perfectly correspond with any of the opinions of medical sources cited in [the ALJ's] decision." *Id*. at 79; *see also Monroe v. Com'r of Soc. Sec.*, 676 F. App'x 5, 8 (2d Cir. 2017) (rejecting argument that remand was required because ALJ discounted the only medical opinion such that "there was no competent medical opinion that supported the ALJ's RFC determination."). Where "the record contains sufficient evidence from which an ALJ can assess the [plaintiff's] residual functional capacity," lack of a medical opinion is not necessarily required. *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x. 29, 34 (2d Cir. 2013). Therefore, Plaintiff's argument that the ALJ committed legal error in formulating an RFC absent a medical source opinion, fails.

Plaintiff makes the related argument that the ALJ committed legal error in failing to provide a function-by-function analysis in formulating the RFC. (Dkt. No. 11 at 16-18.) Plaintiff acknowledged that failure to perform such analysis is not *per se* legal error; however, Plaintiff argues the ALJ failed to include any postural limitations in the RFC despite complaints of pain with bending. (*Id*. at 18.)

The Second Circuit has held that the failure to explicitly engage in a function-by-function analysis as part of the RFC assessment does not constitute a *per se* error requiring remand. *See Chichocki v. Astrue*, 729 F.3d 172, 174 (2d Cir. 2013).

10

However, remand may be appropriate where an ALJ fails to assess a plaintiff's "capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Chichocki,* 729 F.3d at 177.

Although not specifically outlined in the regulations, the ability to perform light work inherently includes certain exertional and non-exertional limitations. Most light jobs do not require more than occasional bending. To perform substantially all of the exertional requirements of most light jobs, a plaintiff would not need to crouch (bending the body downward and forward by bending both the legs and spine) and would need to stoop (bending the body downward and forward by bending the spine at the waist) only occasionally. SSR 83-14, 1983 WL 31254, *2. Therefore, most jobs in the light category do not require crouching and only occasionally require stooping.

Here, Plaintiff had a duty to prove a more restrictive RFC and failed to do so. *Smith v. Berryhill*, 740 F. App'x 721, 726 (2d Cir. 2018) (citing 42 U.S.C. § 423(d)(5); *cf. Barry v. Colvin*, 606 F. App'x 621, 622 (2d Cir. 2015) ("A lack of supporting evidence on a matter for which the claimant bears the burden of proof, particularly when coupled with other inconsistent record evidence, can constitute substantial evidence supporting a denial of benefits.")). Plaintiff fails to provide evidence in the record indicating that she is more limited in her ability to bend than is required in most light jobs. Instead, Plaintiff relies on her subjective statements of pain and conclusory argument that the ALJ failed to include any postural limitations in the RFC. (Dkt. No. 11 at 18.) However, the ALJ outlined Plaintiff's subjective complaints and determined Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not

entirely consistent with the medical evidence and other evidence in the record.  (T. 14-15, 17-18.)  Plaintiff does not assert the ALJ erred in his determination concerning her subjective complaints.  Because light work does not require crouching and requires occasional stooping, and Plaintiff fails to provide medical evidence establishing greater limitations in her ability to bend, Plaintiff's argument fails.

  **C.**   **Duty to Develop**

  Plaintiff argues the ALJ failed to update the medical evidence to secure missing records.  (Dkt. No. 11 at 15-16.)

  It is well-established Second Circuit law that "the ALJ, unlike a judge in a trial, must himself affirmatively develop the record in light of the essentially non-adversarial nature of a benefits proceeding."  *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996) (internal quotation and citations omitted).  The ALJ must fulfill this duty "even when the claimant is represented by counsel."  *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996).

  Under the regulations, the ALJ is required to "develop a complete medical history of at least the preceding twelve months" from Plaintiff's application date, *i.e.*, September 2014.  *See* 20 C.F.R. § 404.1512(d) ("we will develop your complete medical history for at least 12 months preceding the month in which you file your application unless there is a reason to believe that development of an earlier period is necessary").  Where, as here, Plaintiff has applied for SSD benefits, the ALJ is required to "develop [plaintiff's] complete medical history for the 12-month period prior to […] the month [plaintiff] [was] last insured for disability insurance benefits," *i.e.*, December 2011.  *Id*. § 404.1512.

  Although the ALJ has a duty to develop the record even when Plaintiff is represented by counsel, ultimately it is Plaintiff's burden to "prove to [the Social Security

Administration] that [she is] blind or disabled."  20 C.F.R. § 404.1512(a).  In adhering to

this responsibility, Plaintiff must "inform [the Administration] about or submit all evidence

known to [her] that relates to whether or not [she is] blind or disabled."  *Id.*  Plaintiff has

an ongoing duty to disclose "any additional related evidence about which [plaintiff]

become[s] aware."  *Id*. § 404.912.  Plaintiff's duty "applies at each level of the

administrative review process, including the Appeals Council level if the evidence

relates to the period on or before the date of the administrative law judge hearing

decision."  *Id*.

Further, the ALJ's duty to develop the record does not relieve counsel of the duty

to provide competent representation, including the obligation "to assist the claimant in

bringing to [the ALJ's] attention everything that shows that the claimant is disabled."

*Vincent v. Comm'r of Soc. Sec.*, 651 F.3d 299, 305 (2d Cir. 2011).[3]  Representatives

have an affirmative duty "to help obtain the information or evidence that the claimant

must submit under [the] regulations and forward the information or evidence [to the

Commissioner] for consideration as soon as practicable."  20 C.F.R. § 404.940(b)(1);

*see Bushey v. Colvin*, 607 F. App'x 114, 115 (2d Cir. 2015) (ALJ's "obligation [to

develop the record] is lessened where, as here, the claimant is represented by counsel

who makes insufficient efforts to incorporate earlier records"); *see Rivera v. Berryhill*,

No. 3:18-CV-143, 2019 WL 1292490, at *4 (D. Conn. Mar. 21, 2019) (ALJ was not

required to further develop the record where plaintiff was represented and had "enough

---

[3]      EAJA fees may be denied to a prevailing plaintiff whose attorney's failure to "seek or
produce critical medical records from the period of plaintiff's claimed disability ... made it impossible to
determine whether plaintiff was, in fact, entitled to disability benefits."  *Vincent*, 651 F.3d at 305 (quoting
*Bryant v. Apfel,* 37 F.Supp.2d 210, 213 (E.D.N.Y. 1999)).

time to procure and present the missing [evidence] to the ALJ before, at, or after the administrative hearing); *see Bowen v. Yuckert*, 482 U.S. 137, 146, n.5 (1987) ("This allocation of burdens of proof is well within the Secretary's 'exceptionally broad authority' under the statute.... It is not unreasonable to require the claimant, who is in a better position to provide information about his medical condition, to do so.") (citation omitted).

Prior to Plaintiff's hearing, her counsel informed the ALJ that he had requested, but had not received, updated records from Winston Douglas, M.D. and counsel requested the ALJ subpoena the records. (T. 153.) During Plaintiff's hearing, her counsel again informed the ALJ he was seeking updated records from Dr. Douglas. (T. 25-26.) The ALJ inquired to the necessity of updated records given Plaintiff's date last insured of December 2011. (T. 26.) Counsel responded he wanted a complete record. (*Id*.) Counsel did not inform the ALJ of any additional outstanding records from any other sources. (T. 25-26.)

Here, the ALJ fulfilled his duty. On January 19, 2017, the Office of Disability Adjudication and Review requested records from Dr. Douglas. (T. 361.) A report of contact dated February 7, 2017 indicated Dr. Winston was contacted regarding records prior to 2012 and the doctor informed the writer all records prior to 2014 were destroyed. (T. 154.) The ALJ informed Plaintiff's counsel in a letter dated February 10, 2017, that additional records from Dr. Douglas were obtained and entered into the record. (T. 155.) The letter further included the report of contact with Dr. Douglas indicating records prior to 2012 were no longer available. (*Id*.) Therefore, Plaintiff's

argument that the ALJ failed to develop the record concerning Dr. Douglas's records is disingenuous.

Plaintiff further argues the ALJ failed to obtain records from Romanth Waghmarae, M.D., Geogrey Gerow, D.C., and Richard Curran, M.D.  (Dkt. No. 11 at 15.)  Plaintiff filed her application for benefits in September 2014 and has a date last insured of December 31, 2011.  (T. 42.)  Plaintiff was represented by counsel at all stages of her application process.  (T. 42-43, 64.)

Plaintiff's counsel did not inform the ALJ of outstanding evidence from these providers, did not provide additional evidence to the AC, and did not submit evidence to this court.  *See Bushey*, 607 F. App'x at 115-116 (ALJ not obligated to further develop record where plaintiff, who was represented by counsel, failed to pointed to any evidence not included in the record but could have influenced the decision, the plaintiff's counsel made insufficient efforts to incorporate earlier records, and there was nothing in the record that would have given the Commissioner reason to believe records were missing).  In his request for review submitted to the AC, Plaintiff's counsel did not allege the record needed further development and counsel did not submit additional records to the AC.  (T. 158-159.)

Here, the ALJ fulfilled his duty to develop the record.  The record contained treatment records prior to Plaintiff's December 2011 date last insured and beyond.  The ALJ assisted Plaintiff in obtaining additional records requested by Plaintiff.  Plaintiff was represented by counsel at all stages of her application process, a period of almost six years.  At no point in time did Plaintiff submit the records she claims are missing nor did Plaintiff request help in obtaining those records.  As stated by Defendant, "[t]o allow

counsel to fail to notify the ALJ in any fashion of records, and then raise such a claim to this Court, would effectively allow counsel to game the system to obtain remands, along with accompanying attorney fees." (Dkt. No. 12 at 19.) Therefore, Plaintiff's argument fails.

**ACCORDINGLY**, it is

ORDERED that Plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **DENIED**; and it is further

ORDERED that Defendant's motion for judgment on the pleadings (Dkt. No. 14) is **GRANTED**; and it is further

ORDERED that Defendant's unfavorable determination is **AFFIRMED**; and it is further

ORDERED that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated:      August 24, 2020

William B. Mitchell Carter
U.S. Magistrate Judge